# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00027-JD |
| ) | |
| ZACKRY DEON SMITH, ) | |
| Corp. Sole doing business as ) | |
| Zackry Deon Smith, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant Zackry Deon Smith, proceeding pro se, has filed a Notice of Removal attempting to remove Case No. CF-2023-00131 from Stephens County District Court. [Doc. No. 1]. The Court judicially notices that in CF-2023-00131, Defendant is facing criminal prosecution for possession of a stolen vehicle.[1] For the reasons discussed below, the Court summarily REMANDS this action to the state court.

28 U.S.C. § 1455(a) allows for the removal of criminal prosecutions from a state court under very limited circumstances. Those typically include (1) when the case is brought against either (a) the federal government, one of its agencies, or an officer of the United States (or person acting under that officer), or (b) a member of the United States

---

[1] The Court takes judicial notice of the state court docket in Stephens County. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=stephens&number=cf-2023-131 (last accessed Jan. 11, 2024). The Court notes that Defendant's name is spelled Zachary Deon Smith on the OSCN docket and charging Information while Zackry Deon Smith is listed as an alias.

armed forces in certain circumstances; or (2) when a defendant alleges that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings. *See* 28 U.S.C. §§ 1442, 1442a, 1443; *see Kansas v. Walters*, Case No. 22-CV-01039-EFM-KGG, 2022 WL 2315524, at *1–2 (D. Kan. June 28, 2022) (discussing federal statutes giving federal district courts jurisdiction over state criminal proceedings) (citing 28 U.S.C. §§ 1442, 1442a, 1443); *see also Kansas v. Howard*, Case No. 23-3017-JWL, 2023 WL 355969, at *1 (D. Kan. Jan. 23, 2023) (further discussing the requirements for removal under § 1443(1) as "narrow and well-defined").

A notice of removal of a criminal prosecution must be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier" and "shall include all grounds for such removal." 28 U.S.C. § 1455(b)(1), (2); *see also Kansas v. Gilbert*, Nos. 22-3213, 22-3230, 22-3229, & 22-3249, 2023 WL 2397025, at *1 (10th Cir. Mar. 8, 2023) (same). "A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds . . . ." 28 U.S.C. § 1455(b)(2).

Here, Defendant was arraigned on October 12, 2023, and thus his notice of removal is untimely. Additionally, he has not included any grounds for removal, or otherwise alleged any facts or authority that would suggest removal was proper, and he has now waived such grounds. *See id.*

Under such circumstances, the Court concludes that summary remand is required. *See id.* § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits

2

annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand.") (emphasis added); *see also Eggleston v. Clearfield City*, Case No. 1:23mc0044 DAK, 2023 WL 2992451, at *2 (D. Utah Apr. 18, 2023) (summarily remanding a state criminal action).

IT IS THEREFORE ORDERED that this action is REMANDED to the District Court in Stephens County, Oklahoma. Defendant's pending motion to proceed in forma pauperis [Doc. No. 2] is DENIED as moot.

IT IS SO ORDERED this 11th day of January 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE